### In re JUEN'S ESTATE (No. 2).

County Judge's Court, Palm Beach County.

October 20, 1953.

Fred O. Dickinson, Jr. of Fisher & Dickinson, West Palm Beach, for the creditor.

Farish & Farish, West Palm Beach, for the estate.

Gedney, Johnston & Lilienthal, West Palm Beach, for the residuary legatee.

RICHARD P. ROBBINS, County Judge.

This cause came before me on the motion of Commercial Credit Corporation, a creditor of the estate of Emil C. Juen, for an extension of time within which to file suit against the estate.

The creditor has filed proof of claim for contingent liabilities on accounts alleged to have been assigned with recourse by or upon authorization of the decedent and on accounts alleged to have been assigned with recourse by or through the executors of the estate authorized by order of the court to continue the business of the deceased.

The motion sets forth that the contingent liabilities arise by virtue of assignments of conditional sales contracts and wholesale trust receipts and notes with recourse against the decedent or his personal representative in the event installment payments on said contracts become in default, that the maturity dates and the amounts which may become due on conditional sales contracts vary in accordance with the date of execution of each contract—the last contract payment becoming due January 30, 1955.

Under the provisions of section 733.18(2), Florida Statutes 1951, the creditor moves the court to grant an extension of time in which to file suit—said claim having been objected to by the personal representatives of the decedent's estate.

The prayer of the motion is in the alternative—first, that the time for filing suit be extended until 10 days after January 30, 1955 (the last maturity date)—second, that the court make such other provisions for extending the time for the institution of appropriate action on the contingent liabilities (when the same mature) as will protect the creditor.

In the absence of a statute such as that in existence in Maine which provides that when a contract does not accrue within the period limited by statute for bringing suit against the executor the claimant may file his demand in the probate office, and thus (unless a bond is given) secure the retention of a part of the estate to meet his claim when it comes due (see Hale v. Coffin (D. C. Me.), 114 Fed. 567 at page 576), the general remedy of a creditor whose right of action accrues after the time in which claims may be presented is by bill in equity against the recipients of the property from the estate. 3 Woerner, American Law of Administration, 3rd Ed., page 1982.

In Florida an objection filed to an unmatured claim matures it for the purpose of the establishment of its validity and amount

by suit. Redfearn, Wills and Administration of Estates in Florida, page 493; section 733.18(2), Florida Statutes 1951.

The motion of Commercial Credit Corporation for an extension of time in which to file suit as aforesaid, is therefore denied.